Brinkerhoff, C. J.
It will be noticed that this case came into the district court by appeal from an o^der of the common pleas, confirming a sale made in a chancery proceeding. Such an appeal might be taken. Hey v. Schooley, 7 Ohio (pt. 2), 48; Kern’s Adm’r v. Foster, 16 Ohio, 276. The order #f confirmation made by the common pleas being vacated by the appeal, the cross-motions, to confirm the sale on the one hand, and to set it aside on the other, stood as original motions in the district court; and the question was, not whether the sale was void, but simply, whether it was regular. We do not think it was void; but if it was irregular simply, the district court was warranted in setting it aside, and its order ought not to be reversed. Was it regular? By the terms of the decree of the Supreme Court, the sheriff was authorized to make sale only “upon receiving an order for that purpose.” An order from whom? From the common pleas, obviously, for to that court the decree was sent by mandate for execution; and it was for that court to pass upon the regularity of the sale. But no order of sale was issued from the common pleas. There was a certified copy merely of the -decree of the Supreme Court, made out by the clerk of the common pleas. It was directed to nobody; it ordered nothing; it did not even describe the premises to be sold. It had none of the requisites of a writ, as prescribed by law; and had the sheriff neglected to sell, he would not-'*have been liable either to amercement or to the attachment for contempt. For aught that appears in the record, it may have been made out merely to be used in evidence or as a muniment of title.
We think the sale was irregular, and was properly set aside.

Decree affirmed.

Scott, Sutliee, and G-holson, JJ., concurred.
Peck, J., was absent.